John BREWER, Plaintiff,

v.

Richard SEITER, et al., Defendants.

No. C–1–86–1245.

United States District Court, S.D. Ohio, W.D.

March 31, 1993.

Thomas Graham Eagle, Landen and Eagle, Franklin, OH, for plaintiff Brewer.

John Brewer, pro· se.

Steven Philip Fixler, Michael James Harmon, Ohio Atty. Gen. Office, Cincinnati, OH, for defendants Seiter, Terry L. Morris, Roger Crabtree, Lisa McDaniels, Wayne Taylor, Raymond Ginn, Captain Dunn.

### ORDER AFFIRMING THE MAGISTRATE

SPIEGEL, District Judge.

This matter is before the Court on the Magistrate's Report ·and Recommendation (doc. 64), the Plaintiff's Objections (doc. 65), and the Plaintiff's Motion to Review (doc. 66). We review this matter *de novo.* 28 U.S.C. § 636 (1992).

This is a 42 U.S.C. § 1983 prisoner civil rights case brought by an inmate at the Southern Ohio Correctional Facility ("SOCF"). Both parties agree upon the facts, which are aptly set out by the Magistrate in his Report and Recommendation. In summary, on January 21, 1986, the Plaintiff was in a "day room," when a fellow prisoner was stabbed by SOCF inmates. Based upon information provided by confidential informants, a Rules Infraction Board ("RIB" or "Board") was convened. The RIB found the Plaintiff guilty of aggravated assault. On administrative appeal, the Board's guilty finding was affirmed by SOCF superintendent Morris, but reversed by Ohio Department of Rehabilitations and Corrections Director Seiter. By the time Mr. Seiter acted on appeal, the Plaintiff had served five days in disciplinary control and seven-and-a-half months in. administrative control.

The Plaintiff contends that the Defendants' actions violated his due process rights and his right to be free from cruel and unusual punishment. The Plaintiff and the Defendants filed cross motions for summary judgment before the Magistrate. The Magistrate recommended that the Defendants' Motion be granted and the Plaintiff's denied.

Due process in a prison disciplinary setting is satisfied if three requirements are met: (1) the inmate receives written notice of the charges; (2) the inmate is given a statement of the evidence relied upon by the prison officials and the reasons for disciplinary action; and, (3) there is "some evidence" to support the findings of the disciplinary panel. *Superintendent, Mass. Correctional Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563–66, 94 S.Ct. 2963, 2978–80, 41 L.Ed.2d 935 (1974). Due process does not require that the identity of a confidential informant be revealed to an inmate. *Wolff,* at 568–69, 94 S.Ct. at 2980–81.

In using information provided by confidential informants, the Sixth Circuit has held that the record must demonstrate by a contemporaneous written record that the dis-

342

ciplinary committee "determined for itself, on some reasoned basis," that information received from confidential informants was reliable. *Hensley v. Wilson,* 850 F.2d 269, 277 (6th Cir.1988). The Sixth Circuit noted that if the disciplinary panel merely accepted the investigating officer's conclusion of reliability, it would be "merely recording the findings made by the investigating officer.... To proceed in that fashion is not fact finding. It is recordkeeping." *Id.* at 276. Due process requires that the committee "have some evidentiary basis, even hearsay, upon which to determine for *itself* that the informant's story is credible." *Id.* at 277.

 We have carefully examined the record in this case. The RIB *did not* provide a written basis for concluding that the confidential informants were reliable. They neither produced any circumstantial evidence supporting the testimony of the confidential informants, nor did they state that these confidential informants had been reliable in the past. Instead, the RIB panel simply stated that they believed certain testimony and disbelieved other testimony. Doc. 60, exh. B, at 1. Thus, the RIB panel failed to provide a contemporaneous written record indicating why they believed the confidential informants over other testimony.

 Still, liability should not be imposed upon the Defendants in this case based upon the doctrine of qualified immunity. A government official enjoys qualified immunity if his or her challenged conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The proper inquiry is not whether the claimed right existed in the abstract, but whether a reasonable official would have known that the challenged conduct violated the plaintiff's right. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

In the case before the Court, the RIB hearing took place on January 30, 1986. As discussed above, the Sixth Circuit has required the RIB to document in a contemporaneous written record that the information provided by confidential informants was rea-

sonably relied upon by the RIB. However, the Sixth Circuit did not establish this requirement until 1988. We conclude that a reasonable government official would not have known in 1986 of a requirement promulgated in 1988. Therefore, the Defendants are protected under the doctrine of qualified immunity.

Accordingly, for the reasons set forth in the Magistrate's Report and Recommendation and for the reasons discussed in this Order, the Defendants' Motion for Summary Judgment is granted.

SO ORDERED.